## Anderson *v.* Anderson.

*Juvenile court—Validity of bond—Guaranteeing payments for support of children.*

A bond given by a parent to secure compliance with an order of the juvenile court, fixing the amount to be contributed for support of his minor children, and accepted as a condition of the parent's dismissal from a criminal proceeding in such court for non-support of the children, is not contrary to public policy, and in case of default of the principal may be enforced against the surety.

(Decided October 27, 1921.)

Error: Court of Appeals for Greene county.

*Messrs. Miller & Finney,* for plaintiff in error.
*Mr. E. D. Smith,* for defendant in error.

Allread, J. Clyde Anderson was arrested in the juvenile court for nonsupport of his minor children. During the pendency of the proceeding an agreement was entered into requiring the father to pay a small cash payment and $5 per week for their support.

The defendant, Horace Anderson, in consideration of the dismissal of the proceedings against Clyde Anderson, agreed to guarantee such payments for the support of such minor children. Suit is brought against Horace Anderson for unpaid installments in the amount of $105.

It is claimed that the giving of this bond by the defendant in consideration of the release of Clyde Anderson, and the dismissal of the proceedings, was contrary to public policy.

This is the only question presented. Counsel cite decisions that a promissory note or other contract to pay money in consideration of the suppression of a criminal prosecution is contrary to public policy and void. We think these decisions are not in point here. The main purpose of the juvenile non-support statutes is to provide for support of the minor children, rather than punishment of the parent. Evidence of this public policy is found in Sections 1665 and 1666, General Code, of the juvenile act, and Section 13010, General Code, of the non-support statute. We are, therefore, of opinion that the agreement by Horace Anderson to guarantee the contract of Clyde Anderson to pay a reasonable sum for the support of the latter's minor children, in consideration of the dismissal of the proceedings in the juvenile court against Clyde Anderson, is not contrary to public policy.

*Judgment affirmed.*

FERNEDING and KUNKLE, JJ., concur.